■ In the Matter of the Claim of LISBETH GLAUBITZ, Respondent, v. COOPERATIVE GLF EXCHANGE, INC., et al., Appellants, and INTERNATIONAL INSTITUTE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 19, 1970. Claimant sustained a compensable back injury on June 22, 1959 while she was working for appellant Cooperative GLF Exchange, Inc. (GLF). The average weekly wage applicable to this accident was $65.50. Again, on January 9, 1966, while claimant was working for International Institute (International), she sustained another back injury. Her average weekly wage applicable to that accident was $49.15. Claimant returned to work for International on August 15, 1966 at no loss of earnings as compared with her average weekly wage at the time of the second injury, but at earnings which were less than the amount of wages she had been receiving from GLF. The board found claimant's disability subsequent to the January 9, 1966 accident causally related to both accidents and made an award charged equally against both employers for the period of temporary total disability from January 10, 1966 to August 15, 1966. It further determined that claimant had a continuing causally related disability subsequent to August 15, 1966, and made an award against appellant GLF only, for reduced earnings after August 15, 1966. No award was made from March of 1960 to January 9, 1966. On this appeal appellants GLF and its carrier contend that the award for reduced earnings subsequent to August 15, 1966 should be apportioned between GLF and International. We find the case of *Matter of Crawley* v. *Failla* (6 N Y 2d 57, 63), is directly in point. In that case the Court of Appeals held that pursuant to subdivision 7 of section 15 of the Workmen's

Compensation Law "a claimant with a prior compensable disability may not receive compensation from a later employer for a later injury in excess of the compensation allowed for that injury when considered by itself". In the instant case claimant's earnings following her last disablement exceeded the wage she was receiving prior to the January 9, 1966 accident. The board properly determined, therefore, that appellants are solely responsible for such reduced earnings due to claimant's disability subsequent to August 15, 1966. Appellants further maintain that since no award was made for reduced earnings for the period from March of 1960 to January 9, 1966, even though claimant's earnings were less with International than with GLF during such period, her earnings for International should be the basis for any award subsequent to August 15, 1966. There is medical evidence in the record that a continuing permanent disability existed. The board determined that this disability was causally related to both accidents and in view of the fact that claimant's actual earnings were less than her average weekly wage prior to the June, 1959 accident, the board properly based the award for reduced earnings on claimant's average weekly wage at the time of the first injury. Decision affirmed, with costs to respondents filing briefs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.